IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02615-GPG

RAYMOND ARMELINO,

      Applicant,

v.

RICK RAEMISCH, Exec Director Colorado Dept of Corrections,
BARRY GOODRICH, Warden, Bent County Correctional Facility,
CYNTHIA COFFMAN, Attorney General of the State of Colorado,

      Respondents.

---

## ORDER FOR STATE COURT RECORD AND TO ANSWER

---

Applicant, Raymond Armelino, is in the custody of the Colorado Department of Corrections (CDOC). He has filed, through counsel, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging his conviction in Jefferson County District Court case number 2006CR2403. Mr. Armelino has paid the $5.00 filing fee. (ECF No. 1).

On December 2, 2015, Magistrate Judge Gordon P. Gallagher directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. 2244(d) and exhaustion of state court remedies under 28 U.S.C. 2254(b)(1)(A). (ECF No. 3). Respondents submitted a Pre-Answer Response (ECF No. 9) on December 23, 2015. Applicant did not file a Reply, although he was

given the opportunity to do so.  For the reasons stated below, the Court will order the

Respondents to file an Answer and the State Court Record.

## I.      Background and State Court Proceedings

Applicant, Raymond Armelino, has a masters of science degree in physical

therapy, and has been a licensed physical therapist since 1995. (ECF No. 1 at 2).

Following a jury trial, Mr. Armelino was acquitted of some charges but he was convicted

of three counts of sexual assault and two counts of sexual contact. (ECF No. 9-4 at 2).

At trial, applicant's defense was that the physical therapy he was performing required

some contact with the breasts, and that his female client, a 15 year old girl at the time,

had misinterpreted the nature of the contact. (ECF No. 1 at 4).  On August 14, 2007, Mr.

Armelino was sentenced to concurrent sentences totaling eight years to life. (ECF No. 1

at 2).

In the Pre-Answer Response, Respondents conceded the application appeared

timely under the AEDPA one-year limitation period set forth in 28 U.S.C. § 2244(d).

(ECF No. 9 at 4).  That statute provides as follows:

> (1)  A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant
> to the judgment of a State court.  The limitation period shall
> run from the latest of–
>
> > (A)  the date on which the judgment became
> > final by the conclusion of direct review or the
> > expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing
> > an application created by State action in
> > violation of the Constitution or laws of the
> > United States is removed, if the applicant was
> > prevented from filing by such State action;

> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Applicant's conviction was affirmed on direct appeal on October 8, 2009. (ECF No. 9-4).  The Colorado Supreme Court denied Applicant's petition for certiorari review on April 12, 2010. (ECF No. 9-6).  Therefore, applicant's conviction became final, and the limitation period began to run 90 days later, July 12, 2010, when the time expired to seek review in the United States Supreme Court. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).

The limitation period ran for 225 days until February 22, 2011, when Applicant filed a motion for postconviction relief.  The Colorado Supreme Court denied applicant's petition for certiorari on July 13, 2015, (ECF No. 9-10), and the limitation period began to run again.

An additional 140 days ran until November 30, 2015, when Applicant filed his federal application under 28 U.S.C. § 2254.  The application was, therefore, filed on the 365th day, so the Court agrees with the parties that the application is timely.

The § 2254 application asserts the following claims:

(1)      The Colorado Courts deprived Mr. Armelino of his federal due process rights by:  excluding under the rape shield statute (CRS 18-3-407) evidence that was relevant to and critical to his defense – evidence that M.P. had been previously assaulted;

(2)      The Colorado courts deprived Mr. Armelino of his federal due process rights by violating the presumption of innocence by allowing the prosecutor to ask Mr. Armelino's key witnesses if she had "posted the defendant's $25,000 bond . . . ."; and

(3)      The Colorado Courts deprived Mr. Armelino of his Sixth Amendment right to effective assistance of counsel because defense counsel failed to advise Mr. Armelino of the sentencing range in the event of conviction and erroneously informed the prosecution that applicant was not interested in a plea offer.

(*See* ECF No. 1)

In their Pre-Answer Response, Respondents further concede that Applicant exhausted state court remedies for claims one and three. (*Id.* at 8, 10).  Respondents, however, argue that claim two is unexhausted. (*Id.* at 9).

## II.     Exhaustion of State Court Remedies and Procedural Default

### A.  Standard of Review

Pursuant to 28 U.S.C.  2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicants rights. *See OSullivan v. Boerckel*, 526 U.S. 838, 843 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  A claim must be presented as a federal

constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Furthermore, the substance of a federal habeas corpus claim must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite book and verse on the federal constitution, *Picard*, 404 U.S. at 278 (internal quotation marks omitted), [i]t is not enough that all the facts necessary to support the federal claim were before the state courts. *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If a habeas petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default. . . . . *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Anderson v. Sirmons*, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (applying anticipatory procedural bar). A claim that has been procedurally defaulted in the state courts on an independent and adequate state procedural ground is precluded from federal habeas review, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007).

### 1.  Claim Two

Respondents contend that Claim Two was not exhausted properly because Applicant did not present the claim to the Colorado Supreme Court in a petition for certiorari review. (ECF No. 9 at 9).

A federal habeas claim must first be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845.  However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available," *id*. at 847-48.  Therefore, if a state rule articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies.  *See id.*

> The Colorado Appellate Rules provide that:
>
> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.  Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1.

Four circuit courts of appeal have determined that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy § 2254(b)'s exhaustion requirement.  *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999).  Absent Tenth Circuit authority specifically holding otherwise,

the Court agrees with the reasoning of the other circuit courts and finds that, pursuant to

Colo. App. R. 51.1, review in the Colorado Supreme Court is not required to exhaust

state remedies if the claim in question was presented fairly to, and relief was denied by,

the Colorado Court of Appeals. *See, e.g., Valenzuela v. Medina* , No. 10-cv-02681-

BNB, 2011 WL 805787 (D. Colo. Feb. 28, 2011).

In this case, the Colorado Court of Appeals addressed the merits of claim two on

direct appeal. (ECF No. 9-4 at 17-19).  Therefore, the Court rejects Respondents'

exhaustion defense as to claim two and finds that it was properly exhausted in the state

court.

### 2.  Claims One and Three

The Respondents concede and the Court agrees that Applicant has exhausted

claims one and three. (*See* ECF No. 9-2 at 23-26 & ECF No. 9-4 at 5-6 & ECF No. 9-9).

## III.   Conclusion

Therefore, after preliminary consideration of the application for a writ of habeas

corpus filed pursuant to 28 U.S.C. § 2254, IT IS **ORDERED**:

(1)     Within **thirty (30) days from the date of this order** the Respondents

shall file with the Clerk of the Court, in electronic format if available, a copy of the

complete record of Applicant's state court proceedings in Jefferson County District

Court case number 2006CR2403, including all documents in the state court file and

transcripts of all proceedings conducted in the state court, but excluding any physical

evidence (as opposed to documentary evidence) not relevant to the asserted claims;

(2)     Within **thirty (30) days from the date the state court record is provided

to the Court**, Respondent(s) shall file an Answer conforming to the requirements of

Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts; and

(3)     Within **thirty (30) days from the date the Respondents file an Answer,** Applicant may file a Reply if he desires; and

(4)     The Clerk of the Court is directed to send copies of this order to the Clerk of the state court from which the case originated and to the Court Services Manager, Office of the State Court Administrator, by United States mail, first class postage prepaid, at the following addresses:

> Clerk of the Court
> Jefferson County Combined Court
> 100 Jefferson County Parkway
> Golden, CO 80401
>
> Court Services Manager
> State Court Administrator's Office
> 101 W. Colfax, Ste. 500
> Denver, Colorado 80202

Dated: January 27, 2016

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge